JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to App.R. 26(B), James Corbin has applied to reopen this court's judgment in State of Ohio v. James Corbin,
Cuyahoga App. No. 82266, 2004-Ohio-2847, in which this court affirmed his convictions for two counts of rape and one count of child endangerment. Corbin claims that his appellate counsel was ineffective, inter alia, in not making the preliminary hearing transcript part of the record, for not arguing manifest weight of the evidence, for not arguing hearsay, and for not arguing ineffective assistance of trial counsel. He also claims that his sentence is unconstitutional under Blakely v. Washington
(2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. The State filed a brief in opposition, and Corbin filed a reply brief. For the following reasons, this court denies the application.
 {¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 3} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
 {¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen,77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 6} In the present case Corbin's arguments on ineffective assistance of appellate counsel are not well taken. His first claim is that the preliminary hearing transcript should be made part of the record to show how trial counsel should have impeached the victim[1] ("daughter"), and thus, to show how appellate's counsel should have argued ineffectiveness of trial counsel. There is no indication that the preliminary hearing transcript was ever part of the record. This court has reviewed the record and did not find that transcript, and Corbin's argument is premised on the transcript's absence.
 {¶ 7} However, appellate review is strictly limited to the record. The Warder, Bushnell Glessner Co. v. Jacobs (1898),58 Ohio St. 77, 50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and Republic Steel Corp. v. Sontag (1935), 21 Ohio Law Abs. 358. Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter. See Statev. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material."State v. Moore, 93 Ohio St.3d 649, 650, 2001-Ohio-1892,758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." State v. Burke, 97 Ohio St.3d 55, 2002-Ohio-5310, ¶10, 776 N.E.2d 79. Therefore, this court denies Corbin's motion to add the preliminary hearing transcript to the record; it could not aid in appellate review. Also to the extent that Corbin is arguing that his appellate counsel was ineffective for not adding that transcript to the record, his argument is not well taken.
 {¶ 8} Corbin next claims that his appellate counsel should have argued that the verdict was against the manifest weight of the evidence. In determining the manifest weight issue the court of appeals reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving the conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed for a new trial. State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717. Corbin also cites State v. Jordan
(1992), 73 Ohio App.3d 524, 597 N.E.2d 1165, for the proposition that the court should also consider whether the evidence is uncontradicted, whether the witness is impeached, what was not proved, the certainty of the evidence, the reliability of the evidence, whether a witness' testimony is self-serving and whether the evidence is incredible, vague, conflicting or fragmentary.
 {¶ 9} Corbin's strategy has always been to show the daughter as a lying, rebellious teenager who sought to get him into trouble because he once refused to take her on a motorcycle ride and because he tried to stop her from being promiscuous with her boyfriends. He points to her testimony when she admitted lying and when she admitted that she wanted to get him into trouble. He notes that the state did not even investigate medical or forensic evidence of sexual activity. Nor did the state try to find the photograph of the daughter.[2] He also notes inconsistencies about who took the photo and whether she ever had physical possession of it. He questions the credibility of her actions in going upstairs during the last incident if he had repeatedly raped her upstairs.[3]
He also argues that the judge must have found the daughter incredible when she dismissed almost all of the case.[4] He further attacks the daughter's credibility by noting that she was allowed to refresh her memory by reading her police statement. Therefore, he concludes that because the State's case was so meager and the daughter unbelievable, appellate counsel erred by not arguing manifest weight.
 {¶ 10} However, this case was tried to the bench, and the trial judge clearly articulated her reasons for reaching the verdicts. The judge found the daughter's testimony on the first and last rapes to be clear, detailed, consistent and believable. Additionally, the testimony of the State's other two witnesses, the social worker and the detective, bolstered the consistency of the daughter. Although the detective did not relate what the daughter told him, he noted that he questioned her for six hours trying to elicit inconsistencies, and her story remained consistent. The judge further opined that Corbin's case, that the daughter would lie about the rapes because he had not given her a motorcycle ride, was unpersuasive. The anger she expressed that day was typical of any teenager and not cause for her to fabricate stories about rapes.
 {¶ 11} The court has reviewed the record. Given the daughter's clear, specific testimony about the first and last rapes and the judge's explanation of her verdict, counsel, in the exercise of professional judgment, could reject the manifest weight argument. He could reasonably conclude that an appellate court would be unlikely to reject the trial judge's reasoning and rule that she had lost her way, even if he could point to portions of the testimony to check off the list in Jordan.
 {¶ 12} Corbin next agues that his appellate counsel should have argued that the numerous out-of-court statements from the detective and the social worker were hearsay and improperly admitted. Again this is unpersuasive. The judge was generally quick to sustain hearsay objections, e.g., Tr. 199, 211, 230 and 245. The social worker did relate what the daughter told her about various rapes. However, the judge admitted these statements pursuant to Evid.R. 803(4), Statements for purposes of medical diagnosis and treatment, and only after she had discussed this hearsay exception with counsel. Generally, the courts have been liberally admitting hearsay testimony pursuant to Evid.R. 803(4) in child rape cases. State v. Miller (1988), 43 Ohio App.3d 44,539 N.E.2d 693; State v. Rice, Cuyahoga App. No. 82547, 2003-Ohio-6947, (June 28, 2005), reopening disallowed, Motion No. 358513; In re: D.L., Cuyahhoga App. No. 84643, 2005-Ohio-2320;Ferrell v. Ferrell (Mar. 14, 1986), Huron App. No. H-84-39; andState v. Wilson (Feb. 18, 2000), Adams App. No. 99CA672. Therefore, appellate counsel in the exercise of professional judgment could conclude that he would be unsuccessful in arguing that the trial judge abused her discretion in allowing the social worker's hearsay testimony pursuant to Evid.R. 803(4) and a wealth of case law.
 {¶ 13} The detective did not offer the hearsay of what the daughter told him. Rather, he testified from his personal knowledge about his investigation: he questioned the daughter at length trying to find inconsistencies and found none. Thus, it is very understandable why appellate counsel would attack the testimony of the detective and the social worker as improperly bolstering the daughter's testimony, rather than trying to argue hearsay or manifest weight of the evidence. The bolstering argument attacked the foundations of the judge's reasoning, and the hearsay and manifest weight arguments did not look viable. Following the admonitions of the Supreme Court in Barnes this court will not second-guess counsel's decisions.
 {¶ 14} Corbin next argues that appellate counsel should have argued ineffective assistance of trial counsel because trial counsel opened the door to certain prejudicial evidence, failed to object in certain places, improperly allowed the daughter to refresh her memory by reading the police report, failed to preserve the record and failed to compel an in-camera inspection. To the extent that this argument relies on matters outside the record, it is not well taken; appellate counsel cannot argue matters outside the record. More importantly, upon reviewing the record it is clear that, as outlined above, Corbin and his counsel had a strategy which they zealously pursued. Trial counsel also succeeded in obtaining the dismissal of twenty of the twenty-three counts against Corbin. Given the court's deference to the strategy and tactics of counsel and given the clear and specific testimony the daughter gave on the first and last rapes, appellate counsel in the exercise of professional judgment could conclude that microanalyzing the tactics of trial counsel would be an unsuccessful endeavor.
 {¶ 15} Corbin also complains that his appellate counsel's jury waiver argument was frivolous and should not have been made. However, App.R. 26(B) focuses on assignments of error that should have been made, not on the viability of the arguments that were made.
 {¶ 16} Corbin also wishes to add an argument that his sentence is improper under Blakely v. Washington. He indicates that his increased sentence violates the Sixth Amendment because the jury never conducted the factfinding and no waiver of jury factfinding on sentencing ever occurred. This is ill-founded. It is hard to imagine how his seven year sentence for two counts of rape was increased, and his jury waiver applied to all aspects of his case.
 {¶ 17} Accordingly, the application is denied.
Celebrezze, P.J., concurs.
 Calabrese, Jr., J., concurs.
[1] The victim was the fourteen year-old daughter of Corbin's girlfriend with whom he lived.
[2] The first rape occurred after Corbin found a photograph of the daughter nude. The daughter testified that Corbin tried to blackmail her into having sex with him by threatening to show the photo to her mother, who would then probably beat her. When she refused, he forced himself on her.
[3] The daughter's bedroom was downstairs, and the rapes occurred upstairs. The testimony did conflict as to whether Corbin forced her upstairs (to be away from the other sleeping family members) or if she went upstairs to get some water.
[4] The Grand Jury indicted Corbin on ten counts of rape, ten counts of kidnapping, two counts of intimidation and one count of child endangerment. The trial court dismissed the kidnapping counts because there was no restraint proven beyond what was done during the raping. The daughter testified that Corbin raped her repeatedly, at least ten times, but between the first and last rapes could not recall the details with sufficient specificity to make a persuasive case, e.g., was it really eight additional times, or six or twelve or what. The judge also opined that Corbin's pleas to come home did not amount to intimidation.