JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} The Cuyahoga County Court of Common Pleas found defendant-appellant, Allen Curtis, guilty of three counts of failure to provide notice of his change of address, in violation of R.C. 2950.05, and three counts of failure to provide verification of a current residence address, in violation of R.C. 2950.06. The court imposed a sentence of three years imprisonment on each count, to be served concurrently. Appellant appeals his convictions on grounds of ineffective assistance of counsel for failing to subpoena witnesses that he claims would have testified on his behalf, and also asserts that the verdicts are against the manifest weight of the evidence. Finding no merit to the appeal, we affirm. It is undisputed that since March 11, 1997, the date he was classified as a sexual predator, Curtis has been required to verify his current address to the Cuyahoga County sheriff every 90 days and to provide notice of any change in address. There is no evidence in the record to suggest that appellant failed to comply with these requirements prior to the incidents alleged in this case. During 2006, appellant reported to the sheriff to verify his address on February 13, June 19, and September 6. On February 13, 2006, he registered a new address showing that he moved to 5912 Francis (up), Cleveland. He verified the Francis Avenue address as his current address in June and September of 2006.
 {¶ 2} Sometime around the end of August or early September of 2006, the sheriff's department received anonymous telephone tips that appellant was residing *Page 4 
at an address on Front Street in Berea. The Berea address was located within 1000 feet of a school and, as such, was not a legally permissible address for appellant. In response to these tips, Detective Orlando of the sheriff's department spoke to appellant on September 6, 2006 when appellant came in to make his 90-day address verification. Curtis told Orlando that the Front Street address belonged to his girlfriend, Patricia Brown. He said his girlfriend was disabled and that he stayed at her place occasionally to help her out, but that he lived on Francis Avenue. Orlando then contacted Ms. Brown by telephone. As a result of that conversation, Orlando asked verification deputies to go out to Francis Avenue to verify appellant's address.
 {¶ 3} On September 7, 2006, two detectives went to the Francis Avenue address to verify Curtis' residency. Detectives found no one at home at the upstairs apartment. A man answered at the downstairs apartment, but told the detectives he did not want to give information concerning appellant's residency. The detectives attempted to speak with other neighbors, but were unable to find anyone to speak to at that time. No other attempt was made to contact appellant's landlord or neighbors or to verify whether appellant resided at the Francis Avenue apartment.
 {¶ 4} On September 12, 2006, Curtis returned to the sheriff's department and submitted a change of address form showing his new address as 2966 East 65th Street. *Page 5 
 {¶ 5} At trial, the state presented testimony from the sheriff's detectives and from Ms. Brown. Ms. Brown testified that she and appellant had a romantic relationship beginning in April of 2005. She stated that he moved in with her in August of 2005 and continued to live with her until September of 2006. She stated that he moved boxes of his clothes into her home, ate his meals there, and slept there each night. She said he worked nearby in Berea and gave her money to help her pay the rent.
 {¶ 6} The state presented 25 voice messages left by appellant on Ms. Brown's home phone after she told him to leave. In one, appellant stated he had left some clothes and clippers at her house. In another, he asked if she could have someone bring his belongings to 2966 East 65th Street.
 {¶ 7} In his defense, appellant presented testimony from Sandy Drain, the owner of the property at 5912 Francis Avenue. Ms. Drain lived in the upstairs apartment and testified that she met Curtis through her niece, who was a good friend of his. According to Ms. Drain, Curtis moved into a vacant bedroom in the upstairs apartment in February 2006. She stated that he moved his clothing and possessions into the room and began receiving mail at that address. She also testified that he paid her for room and board and that he ate his meals and slept there until September 2006 when he moved out to be closer to his new job. She said he did occasionally stay with his girlfriend in Berea and that she knew he *Page 6 
worked in Berea. She also stated that she generally did not see him coming and going because she usually went to bed by 8:00 P.M.
 I {¶ 8} In the first assignment of error, appellant claims his attorney was ineffective because the attorney failed to subpoena two additional witnesses, a neighbor and appellant's father, after appellant told him they could testify to appellant's residency during the time in question. Appellant additionally claims that he had only three short meetings with counsel in which to prepare his defense. In support of his contentions, appellant submitted an affidavit, attached to his appellate brief, attesting to the meetings and discussions he had with his attorney. However, these discussions are not part of the trial record. The law is well-settled that when allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for postconviction relief rather than direct appeal. State v.Cooperrider (1983), 4 Ohio St.3d 226, 228. Accordingly, since the first assignment of error relies on facts not of record, it is overruled, without prejudice to the filing of a petition for postconviction relief.
 II {¶ 9} In his second assignment of error, appellant asserts that the judgment of conviction is against the manifest weight of the evidence. He argues that the trial court improperly relied upon the statements of a single witness, Patricia Brown, and some ambiguous statements he left in telephone messages to her. He complains *Page 7 
that Ms. Brown is a former girlfriend who was biased against him because their relationship ended badly. He argues that this raises an issue as to her credibility. He also argues that the detectives made no effort to contact the landlord or neighbors at Francis Avenue who could have verified his residency there. Appellant asserts that the court should have relied upon the testimony of Sandy Drain who testified that he had been living at the Francis Avenue address from February to September of 2006, and had been eating, sleeping and receiving mail there.
 {¶ 10} To determine whether a verdict or judgment of conviction is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. In doing so, we are mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This deference means that the trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." State v. Antill (1964),176 Ohio St. 61, 67. A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction.Thompkins, supra. *Page 8 
 {¶ 11} Appellant was convicted of three counts of failure to verify a current residence in violation of R.C. 2950.06 and three counts of failure to provide notice of a change of address in violation of R.C.2950.05.
 {¶ 12} R.C. 2950.05 provides in pertinent part:
 {¶ 13} "If an offender * * * is required to register pursuant to section2950.04 or 2950.041 of the Revised Code, the offender * * *, at least twenty days prior to changing the offender's * * * residence address, during the period during which the offender * * * is required to register, shall provide written notice of the residence, * * * to the sheriff with whom the offender * * * most recently registered the address under section 2950.04 or 2950.041
of the Revised Code or under division (B) of this section."
 {¶ 14} R.C. 2950.06 provides in pertinent part:
 {¶ 15} "An offender * * * who is required to register a residence address * * * shall periodically verify the offender's * * * current residence address * * * in accordance with this section. The frequency of verification shall be determined in accordance with division (B) of this section, and the manner of verification shall be determined in accordance with division (C) of this section."
 {¶ 16} Pursuant to divisions (B) and (C), appellant was required to verify his current residence address every ninety days "by personally appearing before the sheriff or a designee of the sheriff, no earlier than ten days before the date on which the verification is required pursuant to division (B) of this section and no later than *Page 9 
the date so required for verification, and completing and signing a copy of the verification form prescribed by the bureau of criminal identification and investigation."
 {¶ 17} The trial court found appellant guilty of failing to provide notice of a change in residence address in February, June and September 2006. In announcing its verdict, the trial court stated that it reviewed the Ohio Jury Instructions and found the definition of residence address to be, "where the defendant resides or is temporarily domiciled." According to the testimony of the two primary witnesses, appellant ate his meals, slept, and received mail at both his Francis Avenue address and at Ms. Brown's residence in Berea. Prior to finding appellant guilty on all counts, the court found there was no dispute that appellant kept some of his things at the two different addresses. However, by finding appellant guilty, the trial court concluded that appellant actually resided at the Berea address during the time period from February through September 2006 and failed to notify the sheriff of the change in his address.
 {¶ 18} In a recent decision out of the Third District, the appellate court found the registration requirements of R.C. 2905.04 were not unconstitutionally vague, and stated: "While both `residence' and `temporary domicile' may have unique and technical definitions in various other contexts, the legislature clearly intended the terms to have their commonly accepted legal meanings when used in R.C. 2950.04. The legislature announced its purpose in enacting Chapter 2950 in R.C.2950.02(B): *Page 10 
`it is the general assembly's intent to protect the safety and general welfare of the people of this state by requiring registration for sex offenders who * * * will live in or near a particular neighborhood.'"State v. Sommerfield, Union App. No. 14-07-09, 2007-Ohio-6427 at _16. While it is possible for a person to maintain more than one residence, the relevant inquiry is where was appellant actually living between February and September 2006.
 {¶ 19} In finding that appellant was living in Berea and failed to verify that address as his current address as required by R.C. 2950.06
or to notify the sheriff of his change of address as required by R.C.2950.05, the trial court clearly believed Ms. Brown's version of the facts over Ms. Drain's. We must defer to the court's conclusion on credibility because it was in the better position to view the two witnesses' testimony. Both witnesses testified that appellant worked in Berea. Ms. Brown testified that appellant slept at her house in Berea every night, went to work from there, and lived there until she asked him to move out in September. Appellant admitted to the sheriff's deputy when he came to register that he slept at Ms. Brown's home. Additionally, the telephone messages left by appellant support Ms. Brown's version of the events.
 {¶ 20} This is not one of those exceptional cases in which the evidence weighs heavily against conviction. Accordingly, we overrule appellant's second assignment of error and affirm the judgment of the trial court.
 Judgment affirmed. *Page 11 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1