[Cite as *State v. Banks*, 2013-Ohio-4394.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

 Plaintiff-Appellee

v.

DAVID E. BANKS

 Defendant-Appellant

Appellate Case No. 25541

Trial Court Case No. 2010-CR-1284
        2010-CR-2935/1

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of October, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

DAVID E. BANKS, Inmate No. A610987, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
 Defendant-Appellant-*Pro Se*

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, David E. Banks, appeals pro se from a trial court decision overruling his petition for post-conviction relief filed in Montgomery County Common Pleas Court Case Nos. 2010 CR 01284 and 2010 CR 02935/01. The petition is based on a claim of ineffective assistance of trial counsel. We conclude that the trial court correctly overruled Banks's petition, because the petition was untimely and it failed to set forth sufficient operative facts to establish substantive grounds for relief.

**{¶ 2}** In a separate unassigned error, Banks contends that the trial court failed to sign an unspecified judgment entry, and concludes that the entry was not a final appealable order. We conclude that this argument has no merit, because all entries in Case Nos. 2010 CR 01284 and 2010 CR 02935/01 are signed.

**{¶ 3}** In an additional unassigned error, Banks argues that it was inappropriate for the trial court to impose mandatory sentences for his two Burglary convictions. This argument has no merit because mandatory sentences are permitted under R.C. 2929.13(F)(6). Accordingly, the judgment of the trial court will be affirmed.

**I.   Facts and Course of Proceedings**

**{¶ 4}** David E. Banks was indicted by the Montgomery County Grand Jury in Case No. 2010 CR 01284, for one count of Burglary, a felony of the second degree, one count of Obstructing Official Business, a felony of the fifth degree, and one count of Possession of Criminal Tools, a felony of the fifth degree. He was subsequently indicted in Case No. 2010 CR

02935/01 for one count of Burglary, a felony of the second degree, one count of Receiving Stolen Property, a felony of the fourth degree, one count of Possession of Criminal Tools, a felony of the fifth degree, and one count of Escape. Banks entered guilty pleas to all charges except for Escape, which was dismissed by the State.

{¶ 5} On July 8, 2011, the trial court sentenced Banks to serve an eight-year mandatory prison term for each of his two Burglary offenses. He also received a 12-month prison sentence for each of his four remaining offenses. All of the sentences were ordered to run concurrently; therefore, Banks's total prison sentence for both cases is eight years.

{¶ 6} Banks did not file a direct appeal from his conviction and sentence. Instead, he filed a petition for post-conviction relief for both cases on July 2, 2012. In his petition, Banks claims that he was denied effective assistance of trial counsel during plea negotiations. The trial court overruled the petition without holding an evidentiary hearing. Banks appeals from the trial court's decision overruling his petition for post-conviction relief.

## II. Did the Trial Court Err in Overruling Appellant's
## Motion for Post Conviction Relief?

{¶ 7} Banks's sole assignment of error states as follows:

The Trial Court Erred in Overruling Appellant's Motion for Post Conviction Relief/Ineffective Assistant [sic] of Counsel.

{¶ 8} Under this assignment of error, Banks claims that the trial court erred in overruling his petition for post-conviction relief, because he was denied effective assistance of trial counsel. Specifically, he argues that his trial counsel failed to properly inform and advise

him during plea negotiations, and failed to investigate his mental health. Banks also claims that the trial court failed to sign an unspecified judgment entry, and concludes that the entry is not a final appealable order. In addition, he argues that mandatory sentences were not required for the crimes in which he was convicted. We will first determine whether the trial court erred in overruling the petition for post-conviction relief and then address Banks's additional arguments.

{¶ 9} "Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A)." *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 14.

{¶ 10} In addressing a petition for post-conviction relief, "a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. R.C. 2953.21(C) states in part:

> Before granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 11} "[A] trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the

documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus.

{¶ 12} We also note that there is a time limitation for filing petitions for post-conviction relief. When a petitioner does not directly appeal from the judgment of conviction, the petition "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).

{¶ 13} "Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. § 2953.23(A)." (Citations omitted.) *Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, at ¶ 16. Under this statute, the 180-day time limitation may be excused only if the petitioner can show that: (1) he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief"; or (2) "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). If one of these conditions is met, the petitioner then must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *." R.C. 2953.23(A)(1)(b).

{¶ 14} In this case, Banks claims that he is entitled to post-conviction relief because his trial counsel was ineffective. His claim is based solely on conclusory and self-serving statements contained in his petition regarding his interactions with counsel. He did not demonstrate through the record or additional documentary evidence that there are substantive

grounds for relief. Accordingly, the trial court properly denied the petition without holding an evidentiary hearing.

{¶ 15} Banks's petition is also untimely. He did not directly appeal his conviction; therefore, he had 180 days after the expiration of time to file an appeal to file a petition. He was convicted on July 8, 2011, and pursuant to App.R. 4, the expiration of time to file an appeal is 30 days thereafter, which is August 7, 2011. Therefore, the deadline to file his petition for post-conviction relief was 180 days later, or February 3, 2012. Banks filed his petition on July 2, 2012, five months after the deadline.

{¶ 16} In addition to being untimely, Banks failed to demonstrate that either of the exceptions in R.C. 2953.23(A)(1) apply in order to permit him to file his petition out of time. He did not argue or submit any evidence showing that he was unavoidably prevented from discovering the facts upon which his ineffective assistance of counsel claim is based. He also did not argue the existence of a newly recognized law that retroactively applies to him. As a result, there is no basis on which the trial court could have accepted Banks's untimely petition. For this reason, the trial court did not have jurisdiction to consider the petition and properly dismissed it.

{¶ 17} Having found that the trial court did not err in overruling Banks's petition for post-conviction relief, we will now address his additional arguments which are: (1) the trial court judge did not sign a judgment entry of conviction; and (2) the trial court incorrectly imposed mandatory prison terms.

{¶ 18} We note that these arguments are unrelated to Banks's sole assignment of error, and should have been separately assigned as errors pursuant to App.R. 16(A)(3). Banks is

proceeding pro se; however, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." (Citation omitted.) *Yocum v. Means*, 2d Dist. Dark No. 1576, 2002-Ohio-3803, ¶ 20. Despite the errors in Banks's brief, we will address the merits of his arguments.

{¶ 19} As for the first unassigned argument, regarding the trial judge's alleged failure to sign an entry, Banks does not specify what entry was unsigned. Furthermore, we have reviewed the docket and confirmed that all entries were signed in Case Nos. 2010 CR 01284 and 2010 CR 02935/01. Accordingly, this argument has no merit.

{¶ 20} As for the second unassigned argument, Banks claims that none of the crimes for which he was convicted carry the requirement of a mandatory prison sentence. "R.C. 2929.13(F) addresses mandatory prison terms and lists offenses for which a sentencing court is obligated to impose a prison term." *State v. Johnson*, 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 9. The statute lists 14 offenses or circumstances that require the imposition of a mandatory term. Section (F)(6) of the statute allows for the imposition of a mandatory prison term upon a conviction for a first or second degree felony that is not otherwise set forth in R.C. 2929.13(F) "if the offender previously was convicted of or pleaded guilty to * * * any first or second degree felony."

{¶ 21} In this case, the trial court imposed mandatory prison sentences for the two counts of Burglary, which are under sections (A)(1) and (A)(2) of R.C. 2911.12. Both of these offenses are second degree felonies. R.C. 2911.12(D). Banks had been previously convicted of a second degree felony offense in Case No. 2004 CR 01393.[1] Accordingly, the trial court's

---

[1] "[T]he Supreme Court of Ohio has held that appellate courts may take judicial notice of findings in other Ohio cases." *State v.*

imposition of a mandatory sentence was appropriate under R.C. 2929.13(F)(6), given the prior second degree felony conviction.

### III.  Conclusion

{¶ 22}  For the foregoing reasons, Banks's sole assignment of error and additional unassigned errors are overruled.   The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
David E. Banks
Hon. Barbara P. Gorman

---

*Raymond*, 10th Dist. Franklin No. 08AP-78, 2008-Ohio-6814, ¶ 16, citing *Morgan v. Cincinnati*, 25 Ohio St.3d 285, 288, 496 N.E.2d 468 (1986); *In re Adoption of Lassiter*, 101 Ohio App.3d 367, 374, 655 N.E.2d 781 (2d Dist.1995); *Szerlip v. Szerlip*, 5th Dist. Knox  No. 01 CA09, 2002 WL 1270874, *3 (May 15, 2002) (concluding that, in temporarily suspending appellant's parental rights, the court could take judicial notice of appellant's conviction in another case). (Other citations omitted.)