[Cite as *State v. Moon*, 2014-Ohio-108.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 93673

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL E. MOON

DEFENDANT-APPELLANT

## JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-522061
Application for Reopening
Motion No. 467941

**RELEASED DATE:**     January 15, 2014

-i-

**ATTORNEYS FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

Sarah M. Schregardus
Barry W. Wilford
Kura, Wilford & Schregardus
492 City Park Avenue
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEES**

Timothy McGinty
Cuyahoga County Prosecutor

Jesse W. Canonico
Mary H. McGrath
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Michael Moon has filed an application for reopening pursuant to App.R. 26(B). Moon is attempting to reopen the appellate judgment, rendered in *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2010-Ohio-4483, which affirmed his convictions for four counts of pandering, 45 counts of illegal use of a minor in nudity-oriented material, and two counts of possession of criminal tools. Pursuant to App.R. 26(B)(6), the application is denied for the reasons that follow.

**{¶2}** The appellate judgment that Moon seeks to reopen was journalized on September 23, 2010. The application for reopening was not filed until August 30, 2013, and beyond the 90-day deadline for reopening. Moon argues that there is good cause for his untimely filing based on a decision issued by the United States District Court for the Northern District of Ohio concerning his petition for a writ of habeas corpus. *Moon v. Robinson,* N.D. Ohio No. 1:12,1396, 2013 U.S. Dist. LEXIS 108799 (N.D. Ohio, Aug. 2, 2013) ("Habeas Corpus decision").

**{¶3}** In the Habeas Corpus decision, the district court found that Moon had received ineffective assistance of both trial and appellate counsel for their respective failures to pursue a motion to unseal the search warrant and add it to the trial court and appellate records. The district court, however, found that because the search warrant was not part of the record in the state courts, he could not consider it. *Id.* at 18,19, citing, *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1398 (2011). The district court permitted Moon

to return to state court to further litigate his challenge to the validity of the search warrant within thirty days of his decision, "whether by an appeal of the trial court's denial of his motion to correct the record under Ohio App.R. 9(E), a motion to re-open his direct appeal under Ohio App.R. 26(B), or other appropriate post-conviction review proceedings." *Robinson*, 2013 U.S. Dist. LEXIS 108799, 21. Moon opted to pursue the instant application for reopening.

{¶4} The state opposes the application to reopen. It is the state's position that the application is untimely and that the Habeas Corpus decision does not create good cause for the delayed filing. The state argues that Moon knew about the sealed document, which was raised in the direct appeal, and that nothing prevented him from moving to have the document unsealed and filing a timely application for reopening following the release of the appellate judgment over two years ago.

{¶5} App.R. 26 is "intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances." *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784 (1995). Moon largely relies upon the Habeas Corpus decision in arguing that good cause exists for his untimely filing. Neither party presents us with any other case where an untimely App.R. 26(B) application was filed at the instruction of a federal district court. Even assuming that the Habeas Corpus decision provides good cause for accepting the delayed filing of this App.R. 26(B) application, Moon still cannot establish that there is a genuine issue on the ineffective assistance of appellate counsel claim he asserts here.

**{¶6}** In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant as follows:

> the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*. at 25.

**{¶7}** Moon alleges that his appellate counsel was ineffective for (1) failing to request a copy of a sealed search warrant and then moving to add it to the record; and (2) for failing to argue that trial counsel was ineffective for failing to file a motion to suppress based on an alleged invalid search warrant. Both aspects of Moon's claim flow from his primary contention that appellate counsel should have moved the trial court to unseal the search warrant and then, if successful, moved to have it added to the appellate record pursuant to App.R. 9(E).

**{¶8}** App.R. 9(E) provides:

If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after

the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

App.R. 9(E) does not apply in this case because the sealed document was never part of the trial court record. There is no contention that the trial record that was transmitted on appeal failed to accurately reflect the record that was made in the trial court. The sealed search warrant was never filed with the court.

{¶9} Appellate counsel cannot be deemed ineffective for failing to obtain the sealed search warrant and then move to add it to the appellate record on the direct appeal pursuant to App.R. 9(E). In order to do so, appellate counsel would have been required to initiate further proceedings in the trial court in an effort to have the document unsealed.[1] It is within the trial court's discretion whether to grant or deny such motions. *E.g.*, *State v. Lawson*, 11th Dist. Lake No. 2001-L-071, 2002-Ohio-5605, citing *In re Search Warrant # 5077/91,* 96 Ohio App.3d 737, 741, 645 N.E.2d 1304 (10th Dist.1994) (holding that the trial court did not abuse its discretion by unsealing the affidavit for a search warrant). As the Eleventh District has noted, persons do generally have a right under the Warrant

---

[1]However,"once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.

Clause of the Fourth Amendment to inspect and copy the affidavit upon which a search warrant issued, but the right is not absolute. *Id.*, citing *In re Search Warrant for 2934 Anderson Morris Rd. Niles, Ohio 44406*, 48 F.Supp.2d 1082, 1083 (N.D. Ohio 1999) and *In re Search Warrants Issued August 29, 1995*, 889 F.Supp. 296, 301, on reconsideration (S.D. Ohio 1995).

{¶10} While Moon's current counsel successfully moved to unseal the search warrant, this was after his convictions had been affirmed on appeal and the Ohio Supreme Court had already declined to accept the matter for further review. Further, counsel requested that the warrant be unsealed for "the limited purpose of providing a copy to [his] counsel." ( R. 22.) Notably, Moon's motion was unopposed by the state and the trial court's order provides that it was being "granted without objection." *Id*. Finally, the state did oppose, and the trial court denied, Moon's motion to add the unsealed search warrant to the official record. Moon did not appeal that ruling.

{¶11} Even if we could infer from those circumstances that appellate counsel would have been successful in obtaining a copy of the search warrant during the pendency of the direct appeal, the new material could not have been added to the record for purposes of resolving the appeal.

{¶12} It is well settled that "appellate review is strictly limited to the record." *State v. Ellis*, 8th Dist. Cuyahoga No. 90844, 2009-Ohio-4359, ¶ 6, citing *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898) (other citations omitted); *State v. Corbin*, 8th Dist. Cuyahoga No. 82266, 2005-Ohio-4119, ¶ 7. A reviewing court

cannot add material to the appellate record and then decide the appeal on the basis of the new material. *Id*., citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500; *State v. Dixon*, 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 62; *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶ 50. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. There is no indication that the trial court ever considered or reviewed the sealed document and it was not part of the trial court record. For the same reasons that the federal court could not consider it in resolving Moon's petition for a writ of habeas corpus, we could not have done so in the direct appeal either.

{¶13} A postconviction action, rather than a direct appeal, is the proper mechanism for asserting an ineffective assistance of trial counsel claim that is based on evidence de hors the record. *State v. Cooperrider*, 4 Ohio St.3d 226, 228-229, 448 N.E.2d 452 (1983); *State v. Curtis*, 8th Dist. Cuyahoga No. 89412, 2008-Ohio-916, ¶ 8 ("The law is well-settled that when allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for postconviction relief rather than direct appeal.")

{¶14} Because the law precluded appellate counsel from adding new material to the record on direct appeal that was not part of the trial court record, applicant cannot satisfy his burden of demonstrating that "there is a genuine issue as to whether the applicant was

deprived of the effective assistance of counsel on appeal."    App.R. 26(B)(5).

{¶15} Although Moon's application is denied, the various search warrants and affidavits, including the previously sealed document are part of the App.R. 26(B) record. *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 10-11 ("proceedings under App.R. 26(B) are collateral postconviction proceedings and not part of the original appeal process.")

{¶16} For all of the foregoing reasons, the application for reopening is denied.


_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR