[Cite as *State v. Bevers*, 2018-Ohio-4135.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27651 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-265 |
| | : | |
| CHRISTOPHER BEVERS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 12th day of October, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 4 West Main Street, Suite 707, Springfield, Ohio 45502
  Attorney for Defendant-Appellant

. . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant, Christopher Bevers, appeals from his convictions for one count of aggravated possession of a controlled substance, a third degree felony pursuant to R.C. 2925.11(A) and (C)(1)(b), and one count of illegal manufacture of methamphetamine, a second degree felony pursuant to R.C. 2925.04(A) and (C)(3)(a). Bevers pleaded guilty to the two offenses, and he argues in this appeal that he did not enter his pleas intelligently, knowingly and voluntarily because, during the plea colloquy, the trial court misstated the mandatory minimum term of imprisonment applicable to the offense of illegal manufacture of methamphetamine. We find that Bevers's argument is unavailing, and therefore, we affirm his convictions.

## I. Facts and Procedural History

{¶ 2} On April 26, 2016, a Montgomery County grand jury indicted Bevers on the following charges: Count 1, possession of less than one gram of heroin under R.C. 2925.11(A); Count 2, aggravated possession of one to five times the bulk amount of methamphetamine under R.C. 2925.11(A); Count 3, illegal manufacture of methamphetamine under R.C. 2925.04(A); and Count 4, illegal assembly or possession of chemicals for the manufacture of drugs under R.C. 2925.041(A). The indictment did not include an allegation that Bevers had been previously convicted of a crime.

{¶ 3} Bevers stood silent at his arraignment, but on September 21, 2016, he pleaded guilty to Counts 2 and 3 as part of a plea agreement with the State. Tr. of Proceedings 3:2-3:25. In exchange, the State recommended an aggregate prison sentence of six years and dismissed Counts 1 and 4. *Id.* After the trial court addressed Bevers as required by Crim.R. 11(C), Bevers waived a presentence investigation, and the

recommended sentence was imposed. *See id.* at 4:1-10:10 and 12:12-13:16. The court filed a corresponding termination entry two days later.

{¶ 4} On July 7, 2017, Bevers filed an untimely notice of appeal from his convictions, followed on July 11, 2017, by a belated motion for leave to take a delayed appeal pursuant to App.R. 5(A). We sustained the motion and appointed counsel to represent Bevers.

{¶ 5} Bevers's appointed appellate counsel filed an *Anders* brief on October 2, 2017. As a result, we entered an order on October 11, 2017, giving Bevers 60 days in which to file a brief on his own behalf. Bevers filed a brief pro se on November 15, 2017. The State elected not to file a brief in response.

{¶ 6} On February 20, 2018, we set aside the *Anders* brief, having found at least one non-frivolous issue for review, and appointed substitute appellate counsel. Counsel filed a brief for Bevers on April 10, 2018, to which the State responded on May 30, 2018. The time for serving and filing any additional briefs expired on June 11, 2018. App.R. 14(A) and 18(A).

## II. Analysis

{¶ 7} Bevers raises one assignment of error, in which he contends that:

THE TRIAL COURT COMMITTED PLAIN AND PREJUDICIAL ERROR WHEN IT MISSTATED THE MINIMUM, MANDATORY TERM OF IMPRISONMENT DURING THE PLEA COLLOQUY AND SENTENCING HEARING, AND THE PLEA FORM PERPETUATED THE MISTAKE, THUS RENDERING BEVERS' PLEA OF GUILTY AS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY MADE, WHICH VIOLATES THE

FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE.

{¶ 8} During the plea colloquy on September 21, 2017, the trial court informed Bevers that the mandatory minimum term of imprisonment he faced on the charge of illegal manufacture of methamphetamine, a second degree felony, was five years. Tr. of Proceedings 6:7-6:15. Bevers argues that the trial court thereby rendered his plea unknowing and involuntary because, in the absence of evidence on record that he had "previously * * * been convicted of or pleaded guilty to a[n] [earlier] violation of [R.C. 2925.04(A)], a violation of [R.C. 2919.22(B)(6)], or a violation of [R.C. 2925.041(A)]," the trial court was required to "impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree that is not less than three years," rather than five. R.C. 2925.04(C)(3)(a); Appellant's Br. 2-3; *see also* R.C. 2929.14(A)(2) (stating that, generally, "for a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years"). In its brief, the State rejoins that the trial court did not misinform Bevers because he had, in fact, previously pleaded guilty in Montgomery County Court of Common Pleas Case No. 2013 CR 02286 to the charge of illegal assembly or possession of chemicals for the manufacture of drugs under R.C. 2925.041(A). Appellee's Br. 4. The State argues that we should take judicial notice of the previous conviction. *See id.* at 5.

{¶ 9} In relevant part, the trial court addressed the parties as follows:

> THE STATE: Mr. Bevers [has agreed] to plead to Count 2 [aggravated possession of one to five times the bulk amount of methamphetamine] and Count 3 [illegal manufacture of methamphetamine] of the indictment. * * *. Illegal manufacture of methamphetamine, [a]

felony of the second degree, carries <u>a minimum mandatory [prison term of] five years</u>. The State has offered in this case with a plea to those two counts to dismiss the remaining two counts and agree to a six-year prison term in total.

THE COURT [to defense counsel]: [I]s that the agreement in this case?

DEFENSE COUNSEL: Yes, sir.

* * *

THE COURT [to Bevers]: Also, sir, do you understand that the court could send you to prison on the felony of the second degree to a term of two, three, four, five, six, seven, or eight years and that [there] is a <u>minimum, mandatory [prison term] of five years</u> on that [charge]? * * *. Do you understand that, sir?

BEVERS: Yes, sir.

* * *

THE COURT: * * *. I've considered all of [the statutory sentencing] factors the [c]ourt is required to consider[,] and I'm going to sentence you on Count III, which is [a] felony of the second degree, to a term of six years in the correction reception center. * * *.

(Emphasis added.) Tr. of Proceedings 3:7-3:25, 6:7-6:15 and 12:19-12:22. The plea form presented to Bevers likewise indicated that he would have to serve a minimum term of five years' imprisonment for illegal manufacture of methamphetamine.

{¶ 10} Pursuant to R.C. 2925.04(C)(3)(a), the mandatory minimum term of

imprisonment for illegal manufacture of methamphetamine is three years. The mandatory minimum increases to five years only if "the offender previously has been convicted of or pleaded guilty to [another] violation of [R.C. 2925.04(A)], a violation of [R.C. 2919.22(B)(6)], or a violation of [R.C. 2925.041(A)]." R.C. 2925.04(C)(3)(a).

**{¶ 11}** The indictment charging Bevers with illegal manufacture of methamphetamine includes no allegation that he was previously convicted for an earlier violation of R.C. 2925.04(A), a violation of R.C. 2919.22(B)(6) or a violation of R.C. 2925.041(A), and the record otherwise includes no evidence that Bevers was previously convicted of any offense. Although Bevers notes as much in his brief, he has not submitted a reply to refute the State's allegation that he previously pleaded guilty to illegal assembly or possession of chemicals for the manufacture of drugs, or to object to the State's contention that this court should take judicial notice of the previous conviction.

**{¶ 12}** With respect to the indictment against Bevers, where "the existence of a prior conviction enhances the penalty for a subsequent offense but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense and need not be alleged in [an] indictment * * *." *State v. Clark*, 2d Dist. Montgomery No. 21410, 2006-Ohio-6068, ¶ 11, citing *State v. Allen*, 29 Ohio St.3d 53, 55, 506 N.E.2d 199 (1987), and *State v. Dotson*, 10th Dist. Franklin No. 94APA05-657, 1995 WL 89744 (Feb. 28, 1995). Bevers's indictment, then, need not have included an allegation that he had previously been convicted of violating R.C. 2925.04(A), 2919.22(B)(6) or 2925.041(A).

**{¶ 13}** Regarding the State's contention that we should take judicial notice of Bevers's previous conviction in Case No. 2013 CR 02286, the " 'Supreme Court of Ohio

has held that appellate courts may take judicial notice of findings in other Ohio cases.' " *State v. Banks*, 2d Dist. Montgomery No. 25541, 2013-Ohio-4394, ¶ 21, fn.1, quoting *State v. Raymond*, 10th Dist. Franklin No. 08AP-78, 2008-Ohio-6814, ¶ 16; s*ee also Morgan v. City of Cincinnati*, 25 Ohio St.3d 285, 287-288, 496 N.E.2d 468 (1986); *In re Adoption of Lassiter*, 101 Ohio App.3d 367, 373-374, 655 N.E.2d 781 (2d Dist.1995). Under Evid.R. 201(B)-(C), a "court may take judicial notice, whether requested or not," of a fact that is "not subject to reasonable dispute in that [the fact] is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Among other things, a court may take notice of judicial opinions and public records accessible through the Internet.  *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 7-8; *State v. Persons*, 4th Dist. Meigs No. 16 CA 16, 2017-Ohio-7879, ¶ 2, fn. 1; *In re Helfrich*, 5th Dist. Licking No. 13 CA 20, 2014-Ohio-1933, ¶ 35.

{¶ 14} The docket of Case No. 2013 CR 02286 is accessible on a website maintained by the Montgomery County Clerk of Courts.  Accordingly, we take judicial notice of the fact that on December 23, 2013, in Case No. 2013 CR 02286, Bevers pleaded guilty to illegal assembly or possession of chemicals for the manufacture of drugs under R.C. 2925.041(A).   The trial court thus did not misinform Bevers when it indicated that the mandatory minimum term of imprisonment for his conviction on the charge of illegal manufacture of methamphetamine was five years.   Consequently, Bevers cannot demonstrate that he has been prejudiced by the omission of a reference on record to his previous conviction or that his plea was not made intelligently, knowingly and voluntarily;

Bevers, presumably, was aware of his previous conviction.

**{¶ 15}** Finally, we note that a "postconviction action, rather than a direct appeal, is the proper mechanism for asserting [a claim] that is based on evidence dehors the record." *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2014-Ohio-108, ¶ 13, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228-229, 448 N.E.2d 452 (1983), and *State v. Curtis*, 8th Dist. Cuyahoga No. 89412, 2008-Ohio-916, ¶ 8. If Bevers contests the existence of his previous conviction or otherwise seeks to supplement the record to support a challenge to the validity of his convictions in the instant matter, then the appropriate procedure would be to file a motion for postconviction relief with the trial court. The assignment of error is overruled.

### III. Conclusion

**{¶ 16}** Taking judicial notice of Bevers's previous conviction in Case No. 2013 CR 02286, we find that the trial court did not misstate the mandatory minimum term of imprisonment for the offense of illegal manufacture of methamphetamine during the plea colloquy in Case No. 2016 CR 00265. Therefore, Bevers's convictions are affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Regina Rosemary Richards
Christopher Bevers
Hon. Dennis J. Adkins