[Cite as *State v. Pettway*, 2013-Ohio-2542.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99211

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY PETTWAY

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-498474

**BEFORE:** Celebrezze, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**FOR APPELLANT**

Timothy Pettway, pro se
Inmate No. 550-655
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio   43608


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1}   Appellant, Timothy Pettway, appeals from the denial of his postconviction relief petition without a hearing.   He argues the trial court was required to hold a hearing on his petition, his original trial counsel was constitutionally ineffective, and claims several other constitutional errors relating to pretrial issues.   After a thorough review of the record and law, we affirm.

## I. Factual and Procedural History

{¶2} The factual and procedural history has been recounted by this court in detail in appellant's direct appeal, *State v. Pettway*, 8th Dist. No. 91716, 2009-Ohio-4544, ¶ 2-31 ("*Pettway I*").   Look to it for an explanation of the underlying criminal case.

{¶3} For purposes of this appeal, the following procedural history is relevant.   In July 2007, appellant was indicted for the aggravated murder and robbery of Christopher Mitchell.   Appellant was convicted of the lesser-included offense of murder with one- and three-year firearm specifications and sentenced to serve 18 years to life in prison.

{¶4} After this court affirmed his convictions and sentence in *Pettway I*, appellant filed numerous writs and motions.   On January 27, 2009, appellant filed a motion for postconviction relief.   There he alleged that a key witness, codefendant Joseph McGowen, recanted and attached a supporting affidavit from McGowen.   He also claimed McGowen could not testify against him, citing the Sixth Amendment.   Appellant went on to argue his speedy trial rights were violated, his indictment was defective, and

he was not indicted within ten days of arrest, as required by Crim.R. 5. The state filed a brief in opposition on February 2, 2009.

{¶5} While his appeal to this court and his postconviction relief petition were pending, appellant filed a motion for new trial on March 12, 2009. There, he argued that McGowen's affidavit recanting his trial testimony required a new trial. After this court affirmed his convictions in *Pettway I*, appellant filed a motion to vacate void judgment on July 9, 2010. This motion was denied January 18, 2011.

{¶6} Next, on November 10, 2011, appellant filed a motion to amend his postconviction petition pursuant to R.C. 2953.21(F), to include ineffective assistance of counsel and improper jury instruction claims. The state again opposed the motion. The trial court did not rule on this motion for some time, but it denied appellant's motion for a new trial on March 13, 2012. Appellant filed several more motions, which were all denied by the trial court.

{¶7} Appellant appealed from the March 13, 2012 journal entry on June 5, 2012. He also appealed from the denial of his motion to vacate void judgment entered April 16, 2012. This court dismissed the appeals as untimely and for failure to file the record.

{¶8} Appellant next appealed from the denial of a motion to "remand sentencing for the limited purpose of allowing defendant to move trial court for a waiver of payment of court costs," which the court denied on July 27, 2012.

{¶9} Then on November 2, 2012, the trial court filed findings of facts and conclusions of law denying appellant's postconviction relief petition and amended

petition.    Appellant then timely appealed, pro se, to this court citing eight assignments of error.[1]

## II.   Law and Analysis

## A. Res judicata

{¶10} Assigned errors II through VIII are barred by res judicata.   The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which has been referred to as collateral estoppel.  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226.   Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."   *Id.* at the syllabus.   *See also Black's Law Dictionary* 1305 (6th Ed.1990) (defining res judicata as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action").   Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action."   *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989).

---

[1] Appellant's assignments of error are included in the appendix to this opinion.

**{¶11}** In *Grava*, the court stated that the doctrine of res judicata bars not only subsequent actions involving the same legal theory of recovery as the previous action, but also claims that could have been litigated in the previous action. *Id.* at 382. The Ohio Supreme Court has applied this doctrine to postconviction relief petitions. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph eight of the syllabus.

**{¶12}** The postconviction relief statute, R.C. 2953.21, generally requires the presentation of evidence outside of the record because it creates a civil collateral attack on the conviction that may not properly be argued in a direct appeal.[2] Therefore, when an appeal is taken and arguments that could have been advanced there are instead presented in a postconviction relief petition, the issues are barred by res judicata. *Perry* at 180-181.

**{¶13}** Appellant's claims of ineffective assistance of counsel depend on counsel's performance at trial and were known at the time of the direct appeal. Arguments going to ineffectiveness advanced in appellant's postconviction relief petition do not depend on evidence outside of the record. Therefore, claims of ineffectiveness of counsel should have been raised in *Pettway I*. Those claims are barred by res judicata.

**{¶14}** Appellant's arguments concerning speedy trial and other pretrial procedural deficiencies are similarly barred. All the claims appellant raises in his fourth and fifth assignments of error are based on information known at the time of trial and direct appeal.

---

[2] The statute offers another possible avenue of attack where a new constitutional right has been recognized. *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19.

Therefore, they are also barred by res judicata. The same is true regarding issues of jury instructions alleged in the sixth assignment of error and the trial court's ability to sentence appellant in his eighth assignment of error.

{¶15} Appellant's second through eighth assignments of error are issues that should have been raised in his direct appeal and cannot serve as the basis for relief in a postconviction petition. Therefore, assignments of error two through eight are overruled.

### B. Failure to Hold a Hearing

{¶16} In his first assignment of error, appellant claims the trial court erred in denying his *motion for new trial* without holding a hearing. However, the journal entry appellant appeals from is the denial of his *postconviction relief petition*. The denial of his motion for new trial occurred on March 13, 2012. Any argument going to the denial of that motion is untimely because his appeal was filed on November 26, 2012, he did not seek leave to file a delayed appeal, and he did not appeal from that journal entry in his notice of appeal. Therefore, we will address this error as it relates to his postconviction relief petition.

{¶17} A postconviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to postconviction relief is not a constitutional right, but is a right created by statute. Therefore, a petitioner receives no more rights than those granted by the statute. *State v. Calhoun,* 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905.

{¶18} R.C. 2953.21(A) provides:

Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.

{¶19} A trial court may dismiss a petition for postconviction relief without first holding an evidentiary hearing. *State ex rel. Jackson v. McMonagle*, 67 Ohio St.3d 450, 1993-Ohio-143, 619 N.E.2d 1017. The trial court may do so where it determines the petition, supporting affidavits, documentary evidence, files, and the record do not demonstrate the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus. The claim must also depend on factual allegations that cannot be determined by an examination of the files and records of the case. *State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975), paragraph one of the syllabus. Further, the trial court may discount the credibility of self-serving affidavits, but when it does, it should include an explanation of its basis for doing so in its findings of fact and conclusions of law so that meaningful appellate review may occur. *Calhoun* at 285.

{¶20} Relief, however, is not available when the issue has been litigated on appeal or on a motion for a new trial. *State v. Walden*, 19 Ohio App.3d 141, 146, 483 N.E.2d 859 (10th Dist.1984).

{¶21} We review the denial of appellant's petition for an abuse of discretion. *State v. Stone*, 2d Dist. No. 2011 CA 96, 2012-Ohio-4755, ¶ 22, citing *State v. Wells*, 2d

Dist. No. 2010 CA 5, 2010-Ohio-3238, ¶ 11. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶22} Appellant's claims relating to codefendant McGowen's recantation were previously litigated in his motion for a new trial. Therefore, they are also barred by res judicata. *See Walden* at 146. Even if they were not, the trial court discounted the credibility of McGowen's affidavit and set out sufficient reasons for doing so in its findings of fact and conclusions of law.

{¶23} Conversely, if McGowen's affidavit is given full credit, it only indicates that McGowen did not witness appellant assault Mitchell with a baseball bat. The affidavit does state that McGowen heard a gunshot while appellant and Mitchell were involved in an altercation in the next room. At trial, Elizabeth Wilson and Jillian Emenhiser testified that appellant admitted to shooting Mitchell, and the coroner provided testimony that the gunshot wound was fatal. Therefore, the recantation by McGowen was insufficient to demonstrate a serious constitutional deficiency that would require a hearing on appellant's petition.

{¶24} Appellant offered nothing the trial court could consider as proper grounds for a postconviction relief petition. Appellant's claims were all barred by res judicata. Therefore, the trial court did not abuse its discretion when it denied appellant's petition without holding a hearing.

### III. Conclusion

{¶25} The arguments appellant advanced in his petition for postconviction relief were barred by res judicata. As such, the trial court properly denied his petition without holding a hearing.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR

**APPENDIX**

Appellant's assignments of error:

I. The trial court erred in denying appellant's motion for trial without an evidentiary hearing.

II. Trial counsel was ineffective and [sic] that by adopting an affirmative defense (self defense), and then failing to call forth the appellant to testify in his own defense.

III. Trial counsel was ineffective by failing to request that the trial court issue jury instructions of manslaughter.

IV.   Appellant's sixth amendment rights were violated where he was jailed for 11 months in lieu of bail before commencement of the trial and the defendant never waived his rights to a speedy trial.

V.   Appellant's constitutional right to due process was violated when he was denied his initial preliminary hearing within the statutory ten day period pursuant to ORC 2945.71(C)(1).

VI.   The trial counsel erred when instructing the jury outside the scope of CR 421.19 pursuant to the Ohio Jury Instructions Criminal Handbook as it related to self defense.

VII.   Trial counsel was ineffective for failing to motion for mistrial when the jury was deadlocked as to the charged offense in count one but moved on to find the defendant guilty of the lesser included offense under count one.

VIII.   The trial court erred were single judge lacked the authority to sentence the defendant in a capital case were [sic] there was no amendment to the indictment deleting the death penalty specification.