[Cite as *Sotock v. Kebe*, 2013-Ohio-4494.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99450**

## TINA SOTOCK

PLAINTIFF-APPELLEE

vs.

## STANLEY KEBE

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. PR 97773523

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

Michael E. Stinn
21300 Lorain Road
Fairview Park, Ohio   44126


**ATTORNEYS FOR APPELLEE**

Dominic M. Antonelli
Kristen A. Crane
Rieth Antonelli & Raj
1406 West 6th Street
Suite 200
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Stanley Kebe appeals from the trial court's judgment entry adopting the Cuyahoga County Child Support Enforcement Agency's ("CSEA") findings of fact and recommendations and denying Kebe's motion to vacate the same. For the following reasons, we reverse the trial court's decision.

{¶2} Kebe filed a motion to modify child support on July 20, 2012, and during the pendency of his motion, CSEA conducted an investigation to terminate Kebe's child support obligation in light of the fact that the child reached the age of majority. CSEA issued an administrative termination findings and recommendation on August 27, 2012. After the 30-day time period in which the parties could object to the facts within the recommendation, around November 2, 2012, CSEA filed the recommendation with the trial court. Under the recommendation, CSEA determined that the child reached the age of majority; ongoing support was terminated; Kebe owed $794.89 per month in support payments to liquidate his arrearage; and as of August 6, 2012, Kebe's total arrearage owed was $42,505.88. CSEA's recommendation contains a service sheet checklist that is blank. The crux of Kebe's argument focuses on the blank checklist because, as he claims, his affidavit is the only evidence of service.

{¶3} In October 2012, Kebe signed an agreed judgment entry in which he agreed that his then current support obligation was the $794.89 monthly payment derived from a March 2011 child support court order; that his child became emancipated due to reaching the age of majority in August 4, 2012; that he owed arrearage based on the March 2011 child support court order; and that his motion to modify the amount of his child support

for the purposes of satisfying the arrearage, filed on July 20, 2012, remained pending. The trial court adopted CSEA's recommendation on December 22, 2012. Immediately thereafter, Kebe filed a motion to vacate the court's order adopting CSEA's recommendation in order for the court to resolve his pending motion to modify his child support payment. The trial court summarily denied Kebe's motion to vacate, and Kebe timely appealed, advancing two assignments of error that essentially raise the same issues.

{¶4} In Kebe's assignments of error, he claims the trial court erred in adopting CSEA's recommendation because he was not served with a copy of CSEA's recommendation prior to its being adopted by the trial court, and accordingly, the trial court should have granted his motion to vacate its entry adopting CSEA's recommendation. It is not at all clear what Kebe hopes to gain by appealing the trial court's adoption of CSEA's recommendation. Kebe's pending motion to modify his support payment for the purposes of satisfying his arrearage obligation is prospective. The only objections Kebe could have lodged against CSEA's investigation would have been to contest the recommendation to terminate support and the certification of the $42,505.88 arrearage amount, certified according to CSEA's records as of August 6, 2012. Parties are limited to presenting evidence to prove CSEA made a mistake of fact in the findings and recommendation. Ohio Adm.Code 5101:12-60-50.2. Kebe, however, agreed the child should be emancipated, that his monthly support obligation was $794.89, and support terminated in the October 6, 2012 agreed judgment entry. Further, in that entry, Kebe acknowledged he owed arrears for which he remained obligated to

liquidate. Therefore, the only fact discovered by CSEA's investigation that Kebe could have challenged as of November 2, 2012, when the recommendation was filed with the trial court, was that Kebe's arrearage obligation amounted to $42,505.88 as of August 6, 2012.

{¶5} Notwithstanding, Kebe claims not to have received notice of CSEA's recommendation to terminate support prior to the trial court's order adopting the same.

> Pursuant to R.C. 3119.89, the CSEA, upon receiving notice, pursuant to R.C. 3119.87, of any reason for which the child support order should terminate, shall conduct an investigation to determine, inter alia, whether any reasons exist to terminate the order and whether the obligor owes any arrearages. Under R.C. 3119.90(B), the obligor and the obligee must be given notice of the results of the investigation, as well as notice of their right to request an administrative hearing regarding any conclusions of the investigation, as well as notice of the procedures and deadlines for requesting said hearing.

*Craig v. Craig*, 10th Dist. Franklin No. 11AP-178, 2012-Ohio-1073, _ 11. CSEA is obligated to provide notice of the results of its investigation in order to allow the obligor an opportunity to challenge the findings. Based upon the record on appeal, the only evidence regarding whether Kebe received notice of the investigation is contained in Kebe's self-serving affidavit. CSEA filed nothing with its recommendation to indicate whether it actually sent the results of its investigation to the parties on the date the investigation results were issued. Nonetheless, whether Kebe is entitled to challenge the amount of arrearage he owed as of August 6, 2012, through his late objection cannot be determined without resolving Kebe's credibility or taking additional evidence, a matter

for the trial court. *State v. Pettway*, 8th Dist. Cuyahoga No. 99211, 2013-Ohio-2542, _ 19 ("the trial court may discount the credibility of self-serving affidavits").

{¶6} Finally, we must note that "[n]othing in [R.C. 3119.89–3119.92] indicates that the parties must file a request for an administrative hearing within thirty days from the results of [CSEA's] internal investigation" or lose the ability to challenge the factual determinations within the recommendation forever. *Fury v. Fury*, 6th Dist. Huron No. H-02-009, 2002-Ohio-4079, _ 16. Once the recommendation is filed with the court, nothing prevents the court from entertaining arguments prior to its independent review. *Id.* The statute simply provides the procedures for objecting to the administrative review and the steps necessary to placing the recommendation before the trial court in order to revise the court-ordered support.

{¶7} Accordingly and reluctantly, we sustain Kebe's first assignment of error. The trial court erred in adopting CSEA's recommendation when no evidence in the record established that CSEA issued notice to Kebe in accordance with its statutory obligation and Kebe timely asserted his right to challenge CSEA's factual determination. From a review of the record on appeal, Kebe did not receive a copy of CSEA's recommendation prior to the trial court's adopting that recommendation, and as pertinent to Kebe's argument, establishing the arrearage amount as of August 6, 2012. In the interests of expediency, the case is remanded for the limited purpose of determining whether the arrearage Kebe was obligated to pay as of August 6, 2013, was indeed $42,505.88, the only fact Kebe could have objected to prior to the trial court's adoption of CSEA's

recommendation in light of the agreed judgment entry. If Kebe is not challenging the amount of arrearage as of August 6, 2012, one is left only to wonder about the frivolity of this appeal.

**{¶8}** The decision of the trial court is reversed, and the cause is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;
MELODY J. STEWART, A.J., CONCURS IN JUDGMENT ONLY