[Cite as *State v. Moon*, 2017-Ohio-8661.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105331**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL E. MOON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-522061-A

**BEFORE:**   Laster Mays, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   November 22, 2017

**ATTORNEYS FOR APPELLANT**

Barry W. Wilford
Sarah M. Schregardus
Kura Wilford &    Schregardus Co., L.P.A.
492 City Park Avenue
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Michael E. Moon ("Moon"), appeals the trial court's decision to deny his postconviction petition. We affirm.

## I.  Facts and Procedural History

{¶2} This court in *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 2-13 ("*Moon I*"), summarized the facts and procedural history of this case as follows:

> On July 29, 2008, Moon was at Cleveland Hopkins International Airport traveling for a business trip. When his checked bags were sent through security screening, baggage scanners discovered 50 images of child pornography concealed in several envelopes in his luggage. Because the luggage scanner could not penetrate the envelopes, a hand search was conducted, revealing the images. Moon was identified as the owner of the luggage and arrested.
>
> On August 6, 2008, Cleveland police obtained a warrant to search the remainder of Moon's luggage and a laptop that were seized at the airport. The search revealed nothing other than those images. On August 8, 2008, a warrant was purportedly obtained from the Medina County Court of Common Pleas to search Moon's home in Medina, Ohio for further evidence that Moon had engaged in criminal activity related to child pornography (the "August 8, 2008 search warrant"). As a result of that search, police officers recovered seven computer disks that were later discovered to contain images of child pornography. A third search warrant, to search the property that had been seized from the house during the August 8, 2008 search, including various electronic devices, computer peripherals, cell phones, floppy discs, CDs and DVDs, was issued on August 15, 2008.
>
> On March 18, 2009, the Cuyahoga County Grand Jury indicted Moon on 101 counts — four counts of pandering sexually-oriented matter involving a minor, 42 counts of illegal use of a minor in nudity-oriented material or

performance, 53 counts of pandering sexually oriented matter involving a minor and two counts of possession of criminal tools. The offenses arose from Moon's possession of over 500 images of child pornography. *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2010-Ohio-4483, ¶ 3. Forty-seven of the counts (Counts 1-46 and 100) related to the images and other evidence discovered during the search of Moon's checked baggage at the airport; the remaining counts (Counts 47-101) related to images discovered and materials seized as a result of the August 8, 2008 search of Moon's home.

On June 8, 2009, Moon pled guilty to four counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.22(A)(2) (Counts 1-4), 46 counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) (Counts 5-40 and 47-56) and two counts of possession of criminal tools in violation of R.C. 2923.24 (Counts 100-101). Forty-one of the counts to which Moon pled guilty (Counts 1-40 and 100) related to the images and other evidence discovered during the search of Moon's checked baggage at the airport; the remaining counts (Counts 47-56 and 100-101) related to the images discovered and materials seized during the search of Moon's home. In exchange for his guilty pleas, the remaining counts were nolled.

Although Moon and his counsel were aware that search warrants had allegedly been obtained for the search of Moon's luggage, laptop and home, Moon's trial counsel did not request or obtain copies of the search warrants or otherwise review the search warrants before Moon entered his guilty pleas. The prosecutor purportedly stated at the plea hearing that he "did not provide a copy of the search warrant * * * because it was filed under seal" and "no request was ever made to unseal that warrant."

On July 8, 2009, the trial court sentenced Moon to a prison term of (1) six years each on Counts 1-4, to run concurrently with each other, (2) six years each on Counts 5-40, to run concurrently with each other, (3) six years each on Counts 47-56, to run concurrently with each other and (4) one year each on Counts 100 and 101. The sentences on Count 1 (six years), Count 5 (six years), Count 47 (six years), Count 100 (one year) and Count 101 (one year) were to run consecutively, for an aggregate prison sentence of 20 years. The trial court also imposed a five-year mandatory period of postrelease control on counts 1, 5 and 47, a three-year period of discretionary postrelease control on Counts 100 and 101 and classified Moon as a Tier II sex offender/child victim offender subject to the requirements of that classification for 25 years.

Moon appealed his convictions and sentences, retaining new counsel to represent him in his appeal. Among the issues Moon raised in his appeal was that trial counsel was ineffective for failing to request that the search warrant relating to the search of Moon's home be unsealed prior to advising Moon to enter his guilty pleas. *Moon*, 2010-Ohio-4483 at ¶ 6. Moon argued that by not requesting and reviewing the sealed search warrant, trial counsel was deprived of the possibility of arguing that the search warrant was defective and that, if the search warrant had been found to be defective, the offenses linked to the images found on the computer disks seized during the search of Moon's home would have been eliminated. *Id*. at ¶ 8. This court rejected Moon's argument as "pure speculation," reasoning that the search warrant could have just as likely been valid and that "because we obviously do not know what is contained in the search warrant," there was no evidence that the unsealing of the warrant would have changed the result of the proceedings. *Id*. at ¶ 9. On September 23, 2010, this court affirmed Moon's convictions but remanded the case to the trial court for a hearing pursuant to R.C. 2929.191 on the criminal possession counts (Counts 100 and 101). *Id*. at ¶ 34. Moon's other sentences were affirmed. *Id*. The Ohio Supreme Court declined jurisdiction. *State v. Moon*, 128 Ohio St. 3d 1412, 2011-Ohio-828, 942 N.E.2d 384.

After his direct appeal was unsuccessful, Moon hired new counsel to represent him. On October 13, 2011, Moon's counsel filed a motion to unseal the search warrants "for the limited purpose of providing a copy to [new] counsel." The state did not oppose the motion, and the trial court granted the unopposed motion on December 5, 2011.

Nearly six months later, on May 18, 2012, Moon filed a motion with the trial court to have "the search warrant[s] issued in Mr. Moon's case be made a part of the official court record" under App.R. 9(E). The "search warrant[s]" Moon sought to have added to the record, which Moon attached to his motion, consisted of (1) the August 6, 2008 search warrant, (2) the August 8, 2008 affidavit for search warrant, (3) the August 15, 2008 search warrant and (4) the inventory lists itemizing the items recovered in connection with the searches conducted on August 6 and 8, 2008. The August 8, 2008 search warrant itself was not among the documents Moon sought to have added to the record. The state opposed the motion, arguing that the issue was moot because there was no pending appeal and that this court had already ruled on the issues Moon had raised regarding the August 8, 2008 search warrant and whether trial counsel's failure to obtain, review and/or challenge that warrant constituted ineffective assistance of

trial counsel. On May 29, 2012, the trial court denied the motion. Moon did not appeal that ruling.

On May 31, 2012, Moon filed a petition for a writ of habeas corpus with the United States District Court for the Northern District of Ohio, asserting that he had been denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel advised him to plead guilty to various charges without examining the search warrant authorizing the search of his home or filing a motion to unseal the search warrant. *Moon v. Robinson*, N.D.Ohio No. 1:12cv1396, 2013 U.S. Dist. LEXIS 108799, *7 (Aug. 2, 2013). The district court found that the performance of both trial and appellate counsel was deficient for their respective failures to (1) file a motion to unseal the search warrant, (2) investigate the existence of probable cause to support it and (3) provide the appellate court with an opportunity to review the merits of Moon's claim of ineffective assistance of trial counsel. The district court held, however, that because the search warrant and warrant application were not part of the state court record, it could not consider the search warrant and, therefore, could not make a determination of whether Moon was prejudiced by the deficient performance of counsel. *Id*. at *14-19. The district court denied Moon's habeas petition without prejudice and held that "in the interests of equity," Moon would be permitted to return to state court to attempt to litigate his challenge to the validity of the search warrant "whether by an appeal of the trial court's denial of his motion to correct the record under Ohio App. R. 9(E), a motion to re-open his direct appeal under Ohio App. R. 26(B), or other appropriate postconviction review proceedings," *id*. at *21, and could thereafter, if necessary, return to the district court within 30 days of exhausting his state remedies. *Id*. at *22.

On August 30, 2013, Moon filed an application to reopen his appeal pursuant to App.R. 26(B). Moon argued that his prior appellate counsel was ineffective for (1) failing to obtain a copy of the sealed search warrant and moving to add it to the record in his direct appeal and (2) failing to argue that trial counsel was ineffective for failing to file a motion to suppress based on the allegedly invalid search warrant. *State v. Moon*, 8th Dist. Cuyahoga No. 93673, 2014-Ohio-108, ¶ 7. This court denied Moon's application to reopen the appeal, concluding that, assuming Moon had established good cause for the delayed filing of an App.R. 26(B) application, he had failed to demonstrate a genuine issue as to whether he was deprived of the effective assistance of appellate counsel on appeal under App.R. 26(B). The court held that Moon could not establish a claim of ineffective assistance of appellate counsel by adding new materials to the appellate record that were not part of the trial court record and then arguing

that counsel should have raised additional issues in Moon's direct appeal revealed by the newly added materials. *Id*. at ¶ 9-12. The court further noted that a postconviction proceeding, rather than a direct appeal, is the proper mechanism for asserting an ineffective assistance of trial counsel claim that is based on evidence dehors the record. *Id*. at ¶ 13. Once again, the Ohio Supreme Court declined jurisdiction. *State v. Moon*, 138 Ohio St. 3d 1497, 2014-Ohio-2021, 8 N.E.3d 965. Moon's litigation of this issue continued.

On February 20, 2014, Moon filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1 and a petition to vacate and set aside his sentences. He asserted the same grounds for both motions, arguing that he should be permitted to withdraw his pleas and that his sentences should be vacated because trial counsel rendered ineffective assistance by (1) failing to request and review the August 8, 2008 search warrant and (2) failing to move to suppress the evidence seized as a result of the search warrant prior to advising Moon to enter his guilty pleas. In support of each motion, Moon attached the prior decisions that had been issued by this court and the federal district court in the case, the August 6, 2008 search warrant, the August 8, 2008 affidavit for search warrant, the August 15, 2008 search warrant and the inventory lists itemizing the items recovered in connection with the searches conducted on August 6 and 8. The state opposed the motions, asserting that no manifest injustice existed that would warrant Moon's guilty pleas being vacated and that Moon's petition for postconviction relief was untimely. On September 8, 2014, the trial court summarily denied both motions.

{¶3} In *Moon I* this court ruled:

We find that the trial court lacked jurisdiction to consider, and, therefore, properly denied, Moon's motion to withdraw his guilty pleas. However, for the reasons that follow — in particular the absence of any evidence in the record demonstrating that the search warrant was, in fact, issued — we conclude that the trial court abused its discretion in denying Moon's postconviction petition without a hearing. We remand the case for the trial court to conduct a hearing to investigate the circumstances surrounding the alleged search warrant and to determine whether Moon is entitled to the relief he seeks on his postconviction petition.

*Id*. at ¶ 1.

**{¶4}** In light of this decision, the trial court conducted a hearing and heard arguments from both parties. The trial court's October 4, 2016 decision stated, "there has never been a dispute that Defendant's petition for postconviction relief is untimely. As such, Defendant must satisfy the untimely petition requirement of R.C. 2953.23." *See* Journal Entry No. 95970903 (Dec. 4, 2016). The trial court held that Moon did not prove by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. The trial court further held that because Moon failed to satisfy R.C. 2953.23(A)(1)(b) as well, his motion was untimely, could not be entertained by the trial court, and was denied. As a result, Moon filed this appeal assigning one error for our review:

> I.      The trial court abused its discretion when it denied Mr. Moon's postconviction petition in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## I.      Standard of Review

**{¶5}** We review the denial of appellant's petition for an abuse of discretion. *State v. Stone*, 2d Dist. Clark No. 2011 CA 96, 2012-Ohio-4755, ¶ 22, citing *State v. Wells*, 2d Dist. Champaign No. 2010 CA 5, 2010-Ohio-3238, ¶ 11. To constitute an abuse of discretion, the ruling must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217,450 N.E.2d 1140 (1983). *State v. Pettway*, 8th Dist. Cuyahoga No. 99211, 2013-Ohio-2542, ¶ 21.

## II.      Law and Analysis

**{¶6}** In Moon's sole assignment of error, he argues that the trial abused its discretion when it denied his postconviction petition because it was untimely, and Moon failed to satisfy R.C. 2953.23(A)(1)(b). R.C. 2953.23 states:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1)(a) and (b).

**{¶7}** Moon argues that his petition was not untimely because he diligently did everything in his ability to obtain the warrant and get judicial review. However, the trial court disagreed. In its October 4, 2016 journal entry, the trial court stated that, "[r]ather than comport with R.C. 2953.23, Defendant filed a motion for federal habeas on May 21,

2012 arguing insufficiency of counsel concerning the lack of inquiry into the search warrant. Defendant did so without exhausting his state remedies." *See* Journal Entry No. 95970903 (Dec. 4, 2016).

> Under 28 U.S.C. 2254, a person in custody pursuant to a state court judgment may challenge the conviction and sentence in federal court by applying for a writ of habeas corpus. Federal courts may only consider an application for a writ of habeas corpus on the ground that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. 2241(c)(3); 28 U.S.C. 2254(a). Federal courts may only grant relief for state violations of a federal law if the violation rises to the level of a "'fundamental defect, which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348, 114 S.Ct. 2291,129 L.Ed.2d 277 (1994), quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).
>
> A prisoner must litigate federal law challenges to his conviction in state court before bringing them to federal court. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The failure to assert claims in state court bars a prisoner from later litigating those claims in federal habeas proceedings because the prisoner failed to exhaust available state remedies. *Id.* This concept is known as "procedural default." However, a petitioner may overcome a "procedural default" by demonstrating "cause" and "prejudice." *Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

*State v. Glover*, 8th Dist. Cuyahoga Nos. 100330 and 100331, 2014-Ohio-3228, ¶ 21-22.

**{¶8}** Moon did not exhaust his state remedies. Nor did he demonstrate cause or prejudice in his claims because the district court dismissed his petition for habeas and decided that

> Moon shall be permitted to return to state court to litigate his challenge to the validity of the search warrant, whether by an appeal of the trial court's denial of his motion to correct the record under Ohio App. R. 9(E), a motion to re-open his direct appeal under Ohio App. R. 26(B), or other appropriate postconviction review proceedings. He shall commence that

process within 30 days of my order. After the conclusion of the state court proceedings, he then must re-file his habeas petition, supplementing the record to reflect the intervening state court proceedings, within 30 days. *See Zarvela v. Artuz*, 254 F.3d 374 (2nd Cir.2001). ("If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed * * *").

*Moon v. Robinson*, N.D.Ohio No. 1:12cv1396, 2013 U.S. Dist. LEXIS 108799 (Aug. 2, 2013).

**{¶9}** After the district court directed him back to the state court, Moon filed a motion to reopen his appeal with this court. We denied this motion on the grounds that the warrant was still not in the record with the trial court. Moon did not file a petition with the trial court regarding the search warrant until two years after he was aware of the facts upon which he must base his claim for relief.

The timeliness requirement of R.C. 2953.21 is jurisdictional. *State v. Beaver*, 131 Ohio App.3d 458, 722 N.E.2d 1046 (11th Dist.1998); *State v. Cobb*, 8th Dist. Cuyahoga No. 80265, 2002-Ohio-2138, ¶ 30. Thus, a trial court lacks jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the exceptions set forth by, in this case, R.C. 2953.23(A)(1). *Beaver*; *State v. Hill*, 129 Ohio App.3d 658, 661, 718 N.E.2d 978 (1st Dist.1998); *State v. Gipson*, 12th Dist. Warren No. CA2001-11-103, 2002-Ohio-4128, ¶ 16.

*State v. Jackson*, 8th Dist. Cuyahoga No. 100048, 2014-Ohio-1514, ¶ 19. We agree with the trial court that the petition was untimely, and Moon had the facts for which he could have presented a claim for relief.

**{¶10}** R.C. 2953.23 also directs the court to consider an untimely motion if Moon shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was

convicted. Other than stating that no reasonable factfinder would have found him guilty, Moon does not demonstrate that assertion by providing clear and convincing evidence.

> In *State v. Eppinger*, *infra*, the Ohio Supreme Court defined the clear and convincing evidence standard as follows: "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *State v. Eppinger*, 91 Ohio St.3d 158, 164, 743 N.E.2d 881 (2001), citing *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

*State v. Mallette*, 8th Dist. Cuyahoga No. 87984, 2007-Ohio-715, ¶ 51.

**{¶11}** Moon was found with over 500 images of child pornography in his possession. He pled guilty to the charges. Counts 1-46 and 100 related to the images confiscated at the airport, which were outside the scope of the search warrant at issue. He admitted guilt to the offenses in open court and stated that his plea was not coerced or induced.

> In reviewing a trial court's decision based on clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.

*Id*. at ¶ 50. In examining the record, there is not sufficient evidence that Moon would not have been found guilty of the charges for which he pled guilty. Therefore, we overruled Moon's sole assignment of error.

**{¶12}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR